UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                     :

UNITED STATES OF AMERICA,               :

                                   :

           -v-                        :          18 CR 678-2 (JPO)

                                   :

VIKTOR LITVINTSUK,                  :           <u>ORDER</u>

                                   :

                     Defendant.         :

                                   :

-------------------------------------------------------------------X

**J. PAUL OETKEN**, United States District Judge:

      A Change of Plea hearing as to defendant Viktor Litvintsuk is scheduled as a

videoconference using the CourtCall platform on **July 22, 2020** at **11:00 a.m.**  As requested,

defense counsel will be given an opportunity to speak with the Defendant by telephone for

fifteen minutes before the sentencing proceeding begins (i.e., at **10:45 a.m.**); defense counsel

should make sure to answer the telephone number that was previously provided to Chambers at

that time.  (Chambers will provide counsel with a telephone number at which the interpreter can

be reached at the time of the pre-conference; it is counsel's responsibility to conference the

interpreter in with the Defendant for the pre-conference.)

      To optimize the quality of the video feed, only the Court, the Defendant, defense counsel,

and counsel for the Government will appear by video for the proceeding; all others will

participate by telephone.  Due to the limited capacity of the CourtCall system, only one counsel

per party may participate.  Co-counsel, members of the press, and the public may access the

audio feed of the conference by calling 855-268-7844 and using access code 67812309# and PIN

9921299#.

In advance of the conference, Chambers will email the parties with further information on how to access the conference.  Those participating by video will be provided a link to be pasted into their browser.  **The link is non-transferrable and can be used by only one person**; further, it should be used **only** at the time of the conference because using it earlier could result in disruptions to other proceedings.

To optimize use of the CourtCall technology, all those participating by video should:

1. Use the most recent version of Firefox, Chrome, or Safari as the web browser.  Do **not** use Internet Explorer.

2. Use hard-wired internet or WiFi.  If using WiFi, the device should be positioned as close to the Wi-Fi router as possible to ensure a strong signal.  (Weak signals may cause delays or dropped feeds.)

3. Minimize the number of others using the same WiFi router during the conference.

Further, all participants must identify themselves every time they speak, spell any proper names for the court reporter, and take care not to interrupt or speak over one another.  Finally, all of those accessing the conference — whether in listen-only mode or otherwise — are reminded that recording or rebroadcasting of the proceeding is prohibited by law.

If CourtCall does not work well enough and the Court decides to transition to its teleconference line, counsel should call (888) 557-8511 and use access code 9300838. (Members of the press and public may call the same number, but will not be permitted to speak during the conference.)  In that event, and in accordance with the Court's Emergency Individual Rules and Practices in Light of COVID-19, counsel should adhere to the following rules and guidelines during the hearing:

1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

2. Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.  In addition, counsel should not use voice-activated

systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

If possible, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the Defendant prior to the proceeding.  If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**.  In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form.

To the extent that there are any documents relevant to the proceeding (e.g., proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 24 hours prior to the proceeding**.  To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine

3

whether it is appropriate for the Court to add the Defendant's signature.

SO ORDERED.

Dated: July 16, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

-v-

,
                                                    Defendant.
------------------------------------------------------------------X

**WAIVER OF RIGHT TO BE**
**PRESENT AT CRIMINAL**
**PROCEEDING**

**-CR-      (  ) (  )**

**Check Proceeding that Applies**

_____   Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law.  I have consulted with my attorney about those charges.  I have decided that I wish to enter a plea of guilty to certain charges.  I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do.  I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse.  I have discussed these issues with my attorney.  By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty.  By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met.  I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:      _____          _____
                 Print Name                                      Signature of Defendant

_____   Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse.  I do not wish to wait until the end of this emergency to be sentenced.

I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence.  By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions.  I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding.

I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _____          _____
               Print Name                                      Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form.  I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date: _____          _____
               Print Name                                      Signature of Defense Counsel

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.  The interpreter's name is: _____.

Date: _____
               Signature of Defense Counsel

**Accepted:** _____
               Signature of Judge
               Date:

6